DocuSign Envelope ID: 25ECCCB9-0C5E-415C-B85C-97A36DDC0E29
Case 1:20-cv-05284-RA-KNF   Document 20-1   Filed 01/25/21   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
KAREEM NISBETT,

              Plaintiff,

      -against-

CITIZEN WATCH COMPANY OF
AMERICA, INC.,

              Defendant.

------------------------------------------------------- X

Civil Action No.: 1:20-cv-05284

**CONSENT DECREE**

       This Consent Decree is entered into as of the Effective Date below in Paragraph 11, by and between the following parties: Plaintiff Kareem Nisbett ("Plaintiff") and Citizen Watch Company of American, Inc. ("Citizen Watch" or "Defendant"). Plaintiff and Citizen Watch are also referred to individually as "Party" or collectively as the "Parties."

**RECITALS**

       1.      Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 *et seq.* ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a). Public accommodation discrimination on the basis of disability is also prohibited under the New York State Human Rights Law, N.Y. Exec. Law, § 292 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code, § 8-101 *et seq.* ("NYCHRL").

       2.      Plaintiff filed a Complaint in the above-captioned action (the "Action") on July 10, 2020 against Citizen Watch, alleging that Citizen Watch failed to design, construct, and maintain its website, www.bulova.com (the "Website") in a manner that is fully accessible to and independently usable by Plaintiff and other individuals who are blind or have visual disabilities (the "Complaint"). Plaintiff alleges this resulted in a denial of full and equal to its Website, and the products and services offered on the Website, in violation of the ADA, NYSHRL, and NYCHRL.

       3.      Citizen Watch owns and/or operates the Website, as well as seven (7) additional websites (collectively, the "Websites") identified as follows:

| No. | Website |
|---|---|
| 1. | www.accutronwatch.com |
| 2. | www.us.alpinawatches.com |
| 3. | www.bulovaclocks.com |
| 4. | www.citizen.com |
| 5. | www.citizen-clocks.com |
| 6. | www.citizencompanystore.com |
| 7. | www.us.frederiqueconstant.com |

4. The Parties entered into arms' length negotiation concerning the matters contained in this Consent Decree, and agree that they have fully investigated and agreed to the resolution of all claims made in relation to the matters set forth herein and any other issue concerning the accessibility of the Websites to any individuals with disabilities.

5. The Parties agree that the actions set forth in this Consent Decree will constitute appropriate relief under the ADA, NYSHRL, NYCHRL and any other state or municipal disability access law.

6. The Parties acknowledge that they have been represented by counsel throughout the negotiation and execution of this Consent Decree. The Parties represent, that in entering into this Consent Decree, they are not relying on and have not relied upon any representation or statement not set forth expressly in this Consent Decree. The Parties expressly represent and warrant that they have full legal capacity to enter into this Consent Decree, that they have been advised of their right to discuss all aspects of this Consent Decree with an attorney, that they have carefully read and fully understand the Consent Decree, that they have reviewed the Consent Decree with their attorneys, that they have had the opportunity to have their attorneys answer any questions they might have had, that they have had a reasonable period of time to consider whether or not to enter into this Consent Decree, and that they have executed the Consent Decree voluntarily, knowingly, and without duress, coercion or undue influence.

7. Citizen Watch denies Plaintiff's allegations and specifically denies that it committed any violation of the ADA, NYSHRL, NYCHRL, or any other statute, regulation, or law. The Parties enter into this Consent Decree for the purpose of resolving the Action without the need for protracted litigation, and without the admission of any liability. Entry into this Consent Decree shall not be deemed an admission of liability or wrongdoing Defendant, and it shall not be deemed as such in any subsequent legal action.

## JURISDICTION

8. This Court has jurisdiction over the Action under 28 U.S.C. §§ 1331, 1343, and 1367(a), as well as 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

9. The Parties agree that it is in their best interest to resolve the Action on mutually agreeable terms without further litigation and that they have fully investigated and litigated the claims identified above. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Action.

In resolution of the Action, the Parties hereby **AGREE** and the Court expressly **APPROVES**, **ENTERS**, **AND ORDERS** the following:

10. This Consent Decree shall be a full, complete, and final disposition and resolution of Plaintiff's claims against Citizen Watch for injunctive relief and damages that have arisen out of the Action. The Parties agree that the actions set forth in Paragraph 13 herein will constitute appropriate relief to fully address Plaintiff's claims as alleged in the Action. The Parties agree that there has been no admission or finding of liability or violation of the ADA, NYSHRL, NYCHRL, or any other law, statute or regulation, and this Consent Decree and Order should not be construed as such.

## EFFECTIVE DATE AND TERM

11. Effective Date means the date on which the Court enters the Consent Decree on the docket in the Action following approval by the Court.

12. Plaintiff shall have thirty (30) months from the Effective Date in which to enforce the terms of this Consent Decree, unless extended by agreement of the Parties and subsequent entry of extension by the Court.

## ACTIONS TO BE TAKEN

13. Citizen Watch Company will, within twenty-four (24) months of the Effective Date, use good faith efforts to cause the Websites to substantially conform with the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA to the extent readily achievable. Should the United States Department of Justice issue final regulations adopting a legal standard for website accessibility that is different from the WCAG 2.0 Level AA, Citizen Watch shall have the option of complying with that legal standard, which option it may exercise in its sole discretion. Notwithstanding the foregoing, Third Party Content on the Websites will not be required to meet the WCAG 2.0 Level AA standard. The term "Third Party Content" refers to website content that is not developed, controlled, and/or owned by Citizen Watch or any of its subsidiaries, affiliates, or assigns.

# NOTICE

14. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed to the following individuals:

<u>To Plaintiff</u>:

Christopher Lowe, Esq.
Lipsky Lowe LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170
Email: chris@lipskylowe.com
Phone: 212-764-7171

<u>To Citizen Watch</u>:

Seth Presser, Esq.
Vice President, Legal
Citizen Watch America
350 Fifth Avenue, 29th Floor, New York, NY 10118
Tel/SMS: +1.212.497.9795
Email: Legal@CitizenWatchGroup.com

With a copy to:

John W. Egan, Esq.
John DiNapoli, Esq.
Seyfarth Shaw LLP
620 8th Avenue, 32nd Floor
New York, NY 10018
Email: jegan@seyfarth.com
Phone: (212) 218-5291

# MODIFICATION

15. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

# ENFORCEMENT AND OTHER PROVISIONS

16. The interpretation of this Consent Decree shall be governed by the laws of the State of New York and its enforcement by the Federal Rules of Civil Procedure.

17. In the event Plaintiff alleges that Citizen Watch failed to meet its obligations under this Consent Decree, Plaintiff will notify Citizen Watch in writing with sufficient detail of the claimed breach of obligation to permit Citizen Watch a reasonable basis on which to evaluate the claimed breach. Within sixty (60) days of receipt of written notice, Defendant will provide a

written response.  The Parties will make a good faith effort to resolve the dispute informally.  Plaintiff may seek relief for the enforcement of this Consent Decree only from the Court in the Action, and only after complying in good faith with the provisions stated in this Paragraph 17 of this Consent Decree and permitting the lapse of one-hundred and twenty (120) days after first providing notice of the claimed breach to Citizen Watch.

18. If any provision of this Consent Decree is determined to be invalid, unenforceable or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not in any event affect any other provisions all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

19. All claims in the Action against Citizen Watch Company of America, Inc. shall be dismissed with prejudice, with each of these parties bearing his or its own costs, attorneys' and experts' fees and expenses.

**CONSENT DECREE HAS BEEN READ**

20. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties.  This Consent Decree is signed freely by each Party executing the document.  The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.  The Parties each had an opportunity to consult with their counsel prior to executing this Consent Decree.

**AGREED AND CONSENTED TO:**

_Kareem Nisbett_ (DocuSigned, 5B9128965DC54B2...)  1/12/2021

Kareem Nisbett                                                                  Date


CITIZEN WATCH COMPANY, INC.

By: _Seth Presser_ (DocuSigned, 096334A3153B433...)    2021-Jan-22 | 11:35:12 EST

Name: Seth Presser                                                         Date

Title: Vice President, Legal

**DONE AND ORDERED this** 25 **day of** January , 20 21

*Paul S. Gardephe* (signature)

Hon. Paul G. Gardephe  
United States District Court for the Southern District of New York

Dated: January 25, 2021